UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK TRUST, N.A., | No. 2:16-cv-01356-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| AL TURNAGE, et al., | |
| Defendants. | |

On June 17, 2016, pro se defendant Al Turnage removed this unlawful detainer action from Solano County Superior Court, and moved to proceed in forma pauperis. ECF Nos. 1, 2. As explained below, the court REMANDS the case to the Solano County Superior Court and DENIES the motion to proceed in forma pauperis.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A federal district court may remand a case *sua sponte* where a defendant has not established federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "If at any time

1

1  before final judgment it appears that the district court lacks subject matter jurisdiction, the case
2  shall be remanded." 28 U.S.C. § 1447(c).
3          Here, the court finds the case should be remanded to the Shasta County Superior
4  Court. The form complaint filed in the state court is for unlawful detainer only. ECF No. 1.
5  Defendant grounds the removal on the court's federal question jurisdiction, arguing that "[t]he
6  trust deed loan under which the right to foreclosure arose is controlled under [f]ederal law," and
7  that the unlawful detainer action resulted from discriminatory and retaliatory actions. *Id.* at 3.
8  Defendant further argues that the state courts wrongfully allowed foreclosure. *Id.* However,
9  plaintiff is the master of the complaint and may "avoid federal jurisdiction by pleading solely
10  state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Hence,
11  defendant's assertion is best characterized as a defense or a potential counterclaim; neither of
12  which can be considered in evaluating whether federal question jurisdiction exists. *Vaden v.*
13  *Discover Bank*, 556 U.S. 49, 50 (2009) (federal question jurisdiction cannot "rest upon an actual
14  or anticipated counterclaim"); *Valles*, 410 F.3d at 1075 ("A federal law defense to a state-law
15  claim does not confer jurisdiction on a federal court, even if the defense is that of federal
16  preemption and is anticipated in the plaintiff's complaint."); *Metro Ford Truck Sales, Inc. v. Ford*
17  *Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998); *Takeda v. Nw. Nat'l Life Ins Co.*, 765 F.2d 815,
18  822 (9th Cir. 1985).
19          Accordingly, because plaintiff's unlawful detainer complaint does not provide a
20  basis for federal question jurisdiction, and defendant's counterclaim cannot provide the basis for
21  removal jurisdiction here, this court cannot exercise subject matter jurisdiction over plaintiff's
22  single state-law claim for unlawful detainer. This case is REMANDED to Solano County
23  Superior Court.
24          IT IS SO ORDERED.
25  DATED: June 24, 2016
26
27                                                                                
28                                      UNITED STATES DISTRICT JUDGE